```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/14/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARVIND GUPTA,

                              Plaintiff,

                 v.

HEADSTRONG, INC., GENPACT
LIMITED, and SECRETARY OF THE U.S.
DEPARTMENT OF LABOR,

                             Defendants.

No. 17-CV-5286 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      In support of their motion for attorneys' fees, the Headstrong Defendants filed a copy of their attorneys' billing records in which the "description of services rendered" are entirely redacted. Dkt. 145 at Ex. 2. The Headstrong Defendants cite *Sidley Holding Corp. v. Ruderman*, 2009 WL 6047187 at *24 (S.D.N.Y. Dec. 30, 2009) for the proposition that courts will still grant attorneys' fees despite redactions for privileged information. That case, however, involved "minimal redactions in plaintiff's attorneys' task descriptions" in contrast to the redactions of all descriptions of services rendered here. *Id*. at *24. Other courts in the Circuit have reduced fee awards where only some material was redacted, if the redacted material made it impossible for the court to review time records for reasonableness. *See, e.g.*, *Lewis v. Roosevelt Island Operating Corporation*, 2018 WL 4666070 at *9 (S.D.N.Y. Sept. 28, 2018) ("[T]he Court agrees that Plaintiff's time records are seriously deficient. First, numerous entries are vague and heavily redacted."); *Penberg v. HealthBridge Management*, 2011 WL 1100103 at *9 (E.D.N.Y. Mar. 22, 2011) (billing entries where detail was given but "the entire subject matter has been deleted" were too vague). No later than September 21, 2020, the Headstrong Defendants shall file an unredacted

copy of their attorneys' billing records or shall file a letter explaining why they believe their heavy redactions are justified here. Any such letter must be supported by relevant case law.

In addition, the Headstrong Defendants have failed to provide any information about the experience of the attorneys for whom they are seeking fees. "In determining the reasonable hourly rate, 'courts must look to the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Lilly v. City of New York*, No. 16-CV-322 (ER), 2017 WL 3493249, at *2 (S.D.N.Y. Aug. 15, 2017) (quoting *Ognibene v. Parkes*, No. 08-CV-1335 (LTS), 2014 WL 3610947, at *2 (S.D.N.Y. July 22, 2014)). A court cannot determine a reasonably hourly rate where, as here, it lacks any information about an attorney's experience. Accordingly, no later than September 21, 2020, the Headstrong Defendants shall also file a letter describing the level of experience of each of the attorneys for whom they seek fees.

The Headstrong Defendants shall promptly serve a copy of this Order and letter and/or unredacted billing records on Plaintiff and file proof of such service on the docket.

SO ORDERED.

Dated:   September 14, 2020
         New York, New York

                                              Ronnie Abrams
                                              United States District Judge