USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 07/19/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARVIND GUPTA,

                    Plaintiff,

        v.

HEADSTRONG, INC., GENPACT
LIMITED, and SECRETARY OF THE
U.S. DEPARTMENT OF LABOR,

                    Defendants.

No. 17-CV-5286 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Arvind Gupta, proceeding *pro se*, brought this action against Defendants Headstrong, Inc. and Genpact Limited (collectively, "Headstrong") for wages allegedly owed to him under the H-1B provisions of the Immigration and Nationality Act and for judicial review, under the Administrative Procedure Act, of orders of the Department of Labor dismissing his administrative claims against Headstrong. In response, Headstrong argued that any wage claims Gupta had were extinguished by a settlement agreement that had been executed between the parties. The Court granted Headstrong's motion to dismiss, which the Second Circuit affirmed. Gupta and Headstrong subsequently filed cross-motions for attorneys' fees; the Court denied Gupta's motion, but granted Headstrong $105,081.05 in fees based on the settlement agreement's provision that any party that breached that contract by filing a lawsuit would pay any fees incurred by the opposing party in defending against such suit. Gupta again appealed, and the Circuit again affirmed. Days later, Gupta filed the instant motion to vacate the judgment. For the reasons that follow, the motion is denied.

**LEGAL STANDARD**

A court may relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."  *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).[1]  The burden of proof on a Rule 60(b) motion is on the party seeking relief from the earlier judgment or order, who "has an onerous standard to meet."  *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391-92 (2d Cir. 2001).

**DISCUSSION**

The Court assumes familiarity with the factual and procedural history of this case.

Gupta seeks relief under two distinct provisions of Rule 60(b): section (4) and section (5). First, he argues that the judgment is void because this Court had neither subject matter jurisdiction over the attorneys' fees motion nor personal jurisdiction over him for purposes of that motion, because the Court deprived him of due process, and because the statute of limitations has passed on any claim Headstrong could bring based on Gupta's breach of the settlement agreement. Second, he argues that the judgment has been satisfied, released, or discharged because the amount he owes in attorneys' fees is less than the amount Headstrong owes him in unpaid wages.  Finally,

---

[1] Unless otherwise noted, case quotations omit all internal citations, quotation marks, alterations, and footnotes.

he contends that the judgment is not equitable because he is unable to pay the fee award.

Gupta's arguments regarding subject matter jurisdiction, personal jurisdiction, due process, and the statute of limitations misapprehend the nature of the attorneys' fees proceeding.  The fees that the Court awarded to Headstrong stem not from some hypothetical breach of contract claim that Headstrong may have brought against Gupta, but from the instant case that Gupta filed, which Headstrong was compelled to defend for several years.  The Court's jurisdiction over this action supplied it with jurisdiction to award Headstrong the attorneys' fees that it incurred in litigating the action.  *See, e.g.*, *Kaplan v. Reed Smith LLP*, 919 F.3d 154, 157 (2d Cir. 2019) (per curiam) ("Where a district court has original jurisdiction over a civil action, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees.").  Moreover, the Court's fee award was consistent with the settlement agreement between the parties, in which Gupta agreed to pay any reasonable attorneys' fees Headstrong incurred as a result of Gupta's breach of the agreement.  Because Gupta consented to this Court's personal jurisdiction over him by filing this case, he necessarily consented to this Court's personal jurisdiction over him for purposes of the attorneys' fees motion.  Similarly, he was not deprived of due process because he has been afforded ample opportunity to litigate both the underlying action he initiated and the subsequent attorneys' fees motion.

Gupta's argument that the judgment has been discharged because Headstrong owes him unpaid wages in an amount that exceeds the attorneys' fees award fails by virtue of the findings of the administrative law judge, this Court, and the Second Circuit that the settlement agreement extinguished Headstrong's obligation to pay him wages or any other expenses.

Finally, Gupta argues that the financial burden the fee award poses makes the judgment "inequitable."  The Second Circuit has instructed courts to consider a party's ability to pay when

awarding attorneys' fees.  *See, e.g.*, *Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992); *Johnson v. New York City Transit Auth.*, 823 F.2d 31, 33 (2d Cir. 1987) (per curiam).  Having considered this factor, the Court declines to further reduce the attorneys' fees award.  Any financial burden the award may pose does not outweigh Headstrong's right to be compensated for its years-long defense against Gupta's serial, if not frivolous, litigation.  Nor has Gupta "presented any evidence of [his] own financial condition to justify" a reduction in the award, *U.S. ex rel. Fox Rx, Inc. v. Omnicare, Inc.*, No. 12-CV-0275 (DLC), 2015 WL 1726474, at *4 (S.D.N.Y. Apr. 15, 2015), in spite of the fact that establishing inability to pay is his evidentiary burden to meet and not Headstrong's, *see HomeAway.com, Inc. v. City of New York*, 523 F. Supp. 3d 573, 587 n.5 (S.D.N.Y. 2021).

## CONCLUSION

For the foregoing reasons, the motion to vacate the judgment is denied.  The Clerk of Court is respectfully directed to terminate the motion at docket number 191 and to mail a copy of this Order to Gupta.

SO ORDERED.

Dated:     July 19, 2022
           New York, New York

_____
Ronnie Abrams
United States District Judge

4