USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARVIND GUPTA,

                Plaintiff,

      v.

HEADSTRONG, INC., GENPACT LIMITED, and SECRETARY OF THE U.S. DEPARTMENT OF LABOR,

                Defendants.

No. 17-CV-5286 (RA)

MEMORANDUM
OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

    The Court assumes the parties' familiarity with the facts and lengthy procedural history in this matter. Plaintiff Arvind Gupta, proceeding *pro se*, brought this action against Defendants Headstrong, Inc. and Genpact Limited (collectively, "Headstrong") for wages allegedly owed to him under the H-1B provisions of the Immigration and Nationality Act and for judicial review, under the Administrative Procedure Act, of orders of the Department of Labor dismissing his administrative claims against Headstrong. In response, Headstrong argued that any wage claims Gupta had were extinguished by a settlement agreement that had been executed between the parties. The Court granted Headstrong's motion to dismiss, which the Second Circuit affirmed. Gupta and Headstrong subsequently filed cross-motions for attorneys' fees; the Court denied Gupta's motion, but granted Headstrong $105,081.05 in fees based on the settlement agreement's provision that any party that breached that contract by filing a lawsuit would pay any fees incurred by the opposing party in defending against such suit. Gupta again appealed, and the Circuit again affirmed. Days later, Gupta filed a motion to vacate the judgment, which the Court denied. A month later, Gupta filed the instant motion to alter the judgment pursuant to Federal Rule of Civil

Procedure 59(e).

## DISCUSSION

"Motions to alter or amend judgments under Rule 59(e) and for reconsideration under Rule 6.3 are evaluated under the same standard." *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379 (S.D.N.Y. 2008). "Under Rule 6.3, which governs motions for reconsideration in this District, the moving party must demonstrate controlling law or factual matters put before the court on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *Id.* "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Gupta argues that relief under Rule 59(e) is warranted because the Court "has overlooked" evidence in the administrative record demonstrating that Gupta "does not have any money or assets." Pl. Br. ¶ 4. Gupta also offers unsworn allegations of his current financial condition, including several bank account balances. *Id.* ¶¶ 7-9.

Gupta's motion is denied for two reasons. First, the motion is untimely. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The judgment granting attorneys' fees to Headstrong was entered on October 26, 2020. Almost two and a half years have passed, which is well beyond the time limit set by the Federal Rule. Second, even if Gupta's motion were timely, it would fail on the merits. Gupta's assertions about his current financial condition do not constitute "new evidence," because "[a]n attorney's unsworn statements in a brief are not evidence." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009). Finally, both this Court and the Second Circuit have already considered

Gupta's financial burden arguments and rejected them, including the evidence contained in the administrative record. *See* ECF No. 197, at 4 ("Any financial burden the award may pose does not outweigh Headstrong's right to be compensated for its years-long defense against Gupta's serial, if not frivolous, litigation."); *Gupta v. Headstrong, Inc.*, 2021 WL 4851396, at *1-3 (2d Cir. Oct. 19, 2021). In short, Gupta offers no "intervening change in controlling law" or "new evidence" that would justify altering the judgment, nor does he point to a "clear error" in the Court's prior decision.

## CONCLUSION

For the foregoing reasons, the motion to alter the judgment is denied.[1] The Clerk of Court is respectfully directed to terminate the motion at docket number 198 and to mail a copy of this Order to Gupta.

SO ORDERED.

Dated:   March 16, 2023
         New York, New York

                                        Ronnie Abrams
                                        United States District Judge

---

[1] In their opposition, Headstrong also requests a filing restriction and an increase in the attorneys' fees award by $500 "per request, motion, or application" by Gupta in this action. Def. Opp. at 1. The Court denies that application at this time. However, Gupta is warned that, should he continue to file frivolous motions in this litigation, the Court will consider imposing such a restriction and increasing the attorneys' fees award.